IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35812-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO ESCALANTE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

Wash away my troubles, wash away my pain
With the rain in Shambala.[1]

KORSMO, J. — Unfortunately for Mr. Alejandro Escalante, Shambala was only the

beginning of his troubles.  Upon returning from the Shambala Music Festival in British

Columbia, federal authorities discovered controlled substances in his backpack and

turned them over to state authorities.  Mr. Escalante appeals from his convictions for

possession of controlled substances, arguing that his federal constitutional rights were

violated during the federal border search.  We affirm.

---

[1] THREE DOG NIGHT, *Shambala*, on CYAN (Dunhill Records 1973).

FACTS

Mr. Escalante was one of four people in a van, driven by Mr. Aaron Torres, that stopped at a United States border crossing in Stevens County. The border patrol was subjecting all vehicles coming from the festival to an individualized search. Mr. Torres's van was directed to a search location and the four occupants were sent into a waiting room.

The waiting room essentially was a lobby with chairs and reading material. Entry and exit from the room were controlled by a border patrol employee who could observe the lobby from an adjacent room through a glass partition. The occupants of other cars also used the lobby while Mr. Escalante and his companions were there. Mr. Torres and one of his passengers sought to use the restroom. The request led to a pat down search of all four. Drugs were found on the two who requested to use the restroom; they were arrested and placed in holding cells. Mr. Escalante and the other passenger did not have drugs on them and remained in the lobby.

The vehicle search took nearly five hours and uncovered illegal drugs throughout the interior and exterior of the van. Agents questioned the two men in the lobby concerning ownership of a black backpack found in the back of the van; the pack did not contain any identifying information. Mr. Escalante admitted that it was his. Officers then arrested him due to heroin and LSD found in the backpack.

2

The Stevens County Prosecuting Attorney filed two charges of possession of a controlled substance. A CrR 3.5 hearing was held to determine the admissibility of Mr. Escalante's statement that he owned the backpack. The State conceded that Mr. Escalante had been subjected to interrogation, but disagreed that he was in custody. The court concluded that Mr. Escalante was not in custody while being questioned in the lobby and ruled the statement was admissible.

The case then proceeded to trial on stipulated facts. Mr. Escalante was found guilty of possessing the heroin and the LSD. He then timely appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

The sole issue presented by this case is a contention that the trial court erred in concluding that Mr. Escalante was not "in custody" at the time of questioning. Well settled federal authority controls this question.

Prior to conducting a custodial interrogation, an officer must first advise the suspect of his rights regarding the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). A suspect is in custody for purposes of *Miranda* when a reasonable person would believe his freedom of action is curtailed to the degree associated with a formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S. Ct.

3138, 82 L. Ed. 2d 317 (1984).[2]  The test is an objective one.  *Id.*  A person is not in "custody" even though he has been "seized."  A seizure exists when, under the totality of the circumstances, "a reasonable person would have believed that he was not free to leave."  *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980); *see also Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). A seizure can ripen into an arrest.  *Berkemer*, 468 U.S. at 439-441.  Typically, a detention at the border does not constitute custody even though the person is unable to leave or to refuse to be searched.  *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001).

Interrogation is "express questioning or its functional equivalent" by police. *Rhode Island v. Innis*, 446 U.S. 291, 300-301, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980). The "functional equivalent" of questioning involves behavior that police should know is "reasonably likely to elicit an incriminating response."  *Id*. at 302.

Here, the parties agree that Mr. Escalante was subjected to interrogation when asked the incriminating question about the backpack.  They also agree that he had been seized.  They disagree on whether he was taken into custody prior to the questioning about the backpack.  We agree with the trial court that he was not in custody at that time.

---

[2]  In *Berkemer*, the court concluded that routine roadside seizure and questioning following a traffic stop did not amount to custodial interrogation.  468 U.S. at 440.

No. 35812-7-III
*State v. Escalante*

Mr. Escalante was subject to a lengthy detention in the border crossing's lobby. However, that detention never turned into the equivalent of a custodial arrest until after he admitted ownership of the backpack. The lobby was shared with others who came and went during the search of the van. Two of his companions were arrested upon discovery of controlled substances and removed to nearby jail cells, but Mr. Escalante remained in the lobby throughout. He was never told he was under arrest, nor was he handcuffed or otherwise further restrained. A reasonable person would not, under these circumstances, believe he had been restrained in a manner equivalent to formal arrest. Nothing changed over the time he was in the lobby.

The trial court did not err in determining that Mr. Escalante's admission to owning the backpack was not the result of custodial interrogation. Accordingly, the judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, C.J.                         Pennell, J.

5